**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.  3:14-CV-626-RLV-DCK**

| | |
|---|---|
| **CASEY HAND,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | <u>**MEMORANDUM AND**</u> |
| **v.** ) | <u>**RECOMMENDATION**</u> |
| ) | |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

  **THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Judgment On

The Pleadings" (Document No. 16) and "The Commissioner's Motion For Judgment On The

Pleadings" (Document No. 22).  This case has been referred to the undersigned Magistrate Judge

pursuant to 28 U.S.C. §636(b)(1)(B).  After careful consideration of the written arguments, the

administrative record, and applicable authority, the undersigned will respectfully recommend that

Plaintiff's "Motion For Judgment On The Pleadings" be <u>denied</u>;  that "The Commissioner's

Motion For Judgment On The Pleadings" be <u>granted</u>;  and that the Commissioner's decision be

<u>affirmed</u>.

## I.  BACKGROUND

  Plaintiff Casey Hand ("Plaintiff"), through counsel, seeks judicial review of an unfavorable

administrative decision on her application for disability benefits.  (Document No. 1).  On

December 30, 2010, Plaintiff filed applications for a period of disability and disability insurance

benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, <u>and</u> for supplemental

security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability

to work due to a disabling condition beginning December 1, 2010.  (Transcript of the Record of

Proceedings ("Tr.") 96, 191-200, 201-206). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on June 10, 2011, and again after reconsideration on September 15, 2011. (Tr. 96, 62-76, 77-89). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties. Based on the description of the job performed as a Cashier, we have concluded that you have the functional capacity to meet the functional demands of this type of work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 121-125).

Plaintiff filed a timely written request for a hearing on November 9, 2011. (Tr. 96, 135-136). On June 3, 2013, Plaintiff appeared and testified at a video hearing before Administrative Law Judge Richard E. Guida ("ALJ"). (Tr. 96, 13-47). In addition, Pat Green, Ph.D., a vocational expert ("VE"), and Liz Montefu, Plaintiff's non-attorney representative, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on July 5, 2013, denying Plaintiff's claim. (Tr. 93-95, 96-110). On September 4, 2013, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on September 20, 2014. (Tr. 11, 1-3). The July 5, 2013 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on November 10, 2014. (Document No. 2). On November 17, 2014, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 16) and "Plaintiff's Memorandum Of Law" (Document No. 17) were filed September 3, 2015; and "The Commissioner's Motion For Judgment On The Pleadings" (Document No. 22) and "Memorandum In Support of The Commissioner's Motion For Summary Judgment" (Document No. 23) were filed December 15, 2015. Plaintiff filed her "…Reply To Defendant's Memorandum Of Law" (Document No. 24) on December 29, 2015.

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Richard L. Voorhees is now appropriate.

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to:   (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III.    DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between December 1, 2010, and the date of his decision.[1]  (Tr. 96-110).  To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a).  The five steps are:

> (1)    whether claimant is engaged in substantial gainful activity -
> if yes, not disabled;

---

[1]  Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

(2)     whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3)     whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4)     whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled;  and

(5)     whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy.  Pass, 65 F.3d at 1203.  In this case, the ALJ determined at the fifth step that Plaintiff was not disabled.  (Tr. 108-10).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since December 1, 2010, her alleged disability onset date.  (Tr. 98).  At the second step, the ALJ found that asthma, Crohn's Disease, carpal tunnel syndrome, diabetes mellitus, degenerative disc disease, status post neurosurgical procedures for Chiari I malformation, Ehlers-Danlos Syndrome, and obesity, were severe impairments.[2]  (Tr. 99).  At the third step, the ALJ determined that

---

[2]  The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage.  See Bowen v. Yuckert, 482 U.S. 137 (1987).

Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 102).

Next, the ALJ assessed Plaintiff's RFC. In considering her RFC, the ALJ noted that at the time of his decision Plaintiff was "24 years of age with a college education and limited work history." (Tr. 103). The ALJ ultimately determined that she retained the capacity to perform light work activity, with the following limitations:

> with frequent stooping, kneeling, crouching, crawling and occasional climbing ramps, stairs, ladders, ropes, and scaffolds and balancing. She is limited to frequent bilateral handling and fingering. The claimant should avoid concentrated exposure to temperature extremes, wetness, humidity, noise, and vibration. She should avoid even moderate exposure to fumes, odors, dust, gases, poor ventilation, and hazards. The claimant would need ready access to a bathroom.

(Tr. 102). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

At the fourth step, the ALJ held that Plaintiff has no past relevant work. (Tr. 108). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 110). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included hand packager, garment sorter, sorter, stuffer and addresser. (Tr. 108-109). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between December 1, 2010, and the date of his decision, July 5, 2013. (Tr. 110).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ improperly evaluated Plaintiff's credibility; (2) the ALJ improperly evaluated Plaintiff's RFC; and (3) the ALJ failed to meet the Commissioner's burden at step five of the sequential evaluation process. (Document No. 17, p. 3). The undersigned will discuss each of these contentions in turn.

## A.      Credibility Determination

In her first assignment of error, Plaintiff argues that the ALJ failed to properly evaluate her credibility because he did not consider the entire case record to support his finding that Plaintiff's subjective complaints were not entirely credible. (Document No. 17, p. 4) (citing Tr. 105-07). Specifically, Plaintiff contends that the ALJ erred by suggesting the record as a whole supports a finding that her conditions were fully stabilized with treatment. (Document No. 17, p. 4) (internal citation omitted). Additionally, Plaintiff argues that the ALJ did not properly assess credibility on the grounds that the ALJ used the term "most" to describe which conditions had fully stabilized, suggesting the ALJ found Plaintiff partially credible. (Document No. 17, p. 4) (citing Tr. 107). Plaintiff also cites evidence submitted to the Appeals Council following the ALJ's decision. (Document No. 17, p. 5).

In response, Defendant asserts that the ALJ reasonably found that Plaintiff's allegations concerning the degree and limiting effects of her impairments were not fully credible because the ALJ conducted a thorough analysis based on the record evidence. (Document No. 23, p. 14) (citing Tr. 104). In brief, Defendant argues that

> [o]f the seven conditions the record shows the Plaintiff had treated, five were stabilized with treatment including splints (carpal tunnel syndrome), PT treatment (carpal tunnel syndrome, cervical and lumbar spine), medications (asthma, diabetes) and insulin pump (diabetes) (Tr. 733, 753, 840, 849). One became symptom free after a surgery (Chiari I malformation) and one was being monitored but not treated (Ehlers-Danlos Syndrome) (Tr. 839).

(Document No. 23, p. 11).  Defendant cites various medical records used by the ALJ to support the decision to find Plaintiff's testimony "not entirely credible."  (Document No. 23, pp. 9-11); (Tr. 104).

In reply, Plaintiff highlighted several pieces of evidence that she contends warranted a remand by the Appeals Council to the ALJ for further consideration, including but not limited to the documents submitted below.  (Document No. 24, pp. 2-4).  Specifically, Plaintiff cites a report from D.P.T. Regan on January 18, 2012 saying, among other things, that elevating her arm was painful and limited to ninety (90) degrees, and elevating her right arm was limited to sixty (60) degrees.  (Document No. 24, p. 3) (citing Tr. 888, 891).  She also noted an examination that showed hypermobility of her MP joints and IP joints of her thumbs.  (Document No. 24, p. 3) (citing Tr. 900).  Finally, P.A. Harris noted she suffered from limited range of motion and reflexes.  Id. (citing Tr. 1004-05).

The undersigned finds that the ALJ's decision to find Plaintiff's testimony not fully credible was supported by substantial evidence.  When assessing the credibility of a claimant's testimony, the ALJ is responsible for determining (1) whether the underlying impairment could reasonably be expected to produce the individual's symptoms and pain, and (2) determining whether the intensity, persistence, and limiting effects of such symptoms are credible and consistent with record evidence.   20 C.F.R. §§ 404.1529(a)-(b).  Here, the ALJ found "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms," but also found that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are *not entirely credible*."  (Tr. 104) (emphasis added).

Defendant persuasively argues that the ALJ supported his decision with substantial evidence.  (Document No. 23, pp. 9-11).  For example, the ALJ notes that

the Plaintiff qualified as obese in March 2011, and that obesity could have limitations on various functions. (Tr. 104) (citing Tr. 599-604). However, the ALJ also observes that Plaintiff was admitted to the hospital on four occasions in November 2010, December 2010, April 2011, and November 2011 for episodes of diabetic ketoacidosis. (Tr. 106) (citing Tr. 562-83, 605-25, 676-88). Additionally, the ALJ noted that Plaintiff was started on an insulin pump in November 2011, the pump was changed in July 2012, Plaintiff's hemoglobin A1C dropped from 8.0% in October 2012 to 5.5% in February 2013, and Dr. Robinson noted excellent improvement in glycemic control. (Tr. 106, 676-88, 752-53, 761-63, 777).

Similarly, the ALJ noted that although Plaintiff had asthma, she "continued to rely on Albuterol and DuoNeb nebulizers to treat asthma" and that "claimant's asthma was stable," observing consistent normal respiratory findings, despite the fact that she continues to smoke against her doctor's warnings. (Tr. 104, 605-25, 815-38). In addition, the ALJ cited the medical records diagnosing Plaintiff's carpal tunnel syndrome, treating Plaintiff with splints, and referring Plaintiff to physical therapy. (Tr. 105, 849-51). The ALJ also considered Dr. Box's May 2013 record that all symptoms of Chiari I malformation were gone after surgery. (Tr. 107, 818, 823, 827).

The undersigned notes that the ALJ gives similar, extensive treatment to all Plaintiff's other conditions in his decision, using medical evidence to support his analysis. (Tr. 104-107).

The undersigned will next address Plaintiff's claim that the evidence submitted to the Appeals Council warranted a remand of her case. The Appeals Council remands a case where new and material evidence makes the ALJ decision contrary to the weight of all the evidence now in the record. (Tr. 1). Plaintiff argues that the evidence shows that her conditions did not stabilize

with treatment, and thus the ALJ's credibility determination was erroneous. (Document No. 24, p. 2).

While Plaintiff argues the ALJ found her to be "less than credible," the undersigned observes that the ALJ does partially credit Plaintiff's testimony, as evidenced by the fact that the ALJ said he "gave the claimant the benefit of the doubt in limiting her work at the light exertion level," given that "[t]here is little to support finding that the claimant would not be capable of performing at the levels described in the above RFC" and that Plaintiff was only 21 years old when she filed her Title II and Title XVI applications. (Tr. 107-08). Furthermore, the undersigned does not find that the evidence from Plaintiff necessarily rebuts the determination by the ALJ that the treatments Plaintiff received had stabilized her condition and consequently made her testimony not fully credible. For example, it is not clear that P.A. Harris' determination on July 10, 2013 that Plaintiff suffered from carpal tunnel necessarily meant that splints and physical therapy hadn't stabilized her condition. (Tr. 105, 107, 849-51, 1004-05). Even if the undersigned did find that the evidence presented to the Appeals Council rebutted some of the ALJ's findings, the undersigned would still be compelled to uphold the ALJ's credibility determination since substantial evidence on the record supports the decision.

The undersigned finds that substantial evidence supports the ALJ's credibility determination that Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

**B.      Evaluation of RFC**

Next, Plaintiff challenges her RFC as determined by the ALJ. (Document No. 17, p. 5). Plaintiff notes that a claimant's RFC should be determined after the ALJ "considers all relevant evidence of the claimant's impairments and any related symptoms." Id. (citing Hines v. Barnhart,

453 F.3d 559, 562-63 (4th Cir. 2006)).  Plaintiff then argues that she is not capable of occasional climbing of ramps, stairs, ladders, ropes, and scaffolds, on account of conditions such as Ehlers-Danlos syndrome and carpal tunnel.  (Document No. 17, p. 6) (citing Tr. 634, 752, 821, 826, 831). Plaintiff also argues that she is not capable of frequent bilateral handling and fingering.  Id.

In response, Defendant contends that Plaintiff's RFC is supported by substantial evidence. (Document No. 23, p. 15).  Defendant argues that the ALJ gave great weight to State agency medical consultants who opined that the Plaintiff would be able to work at the medium exertional level with postural and environmental limitations, but did not note any manipulative limitations. (Document No. 23, p. 15) (citing Tr. 57-59, 72-74, 107).  Defendant also notes the ALJ found the State examiners opinions consistent with consultative examiner Earl J. Epps, Jr., who noted mostly normal results in a physical examination.  Id. (citing Tr. 107, 600-03).  The ALJ also observed that the State agency medical consultant's opinions correspond with treatment resolving the Chiari I malformation symptoms and that the diabetic issues were exacerbated by Plaintiff engaging in an unhealthy diet.  Id. at 16 (citing Tr. 107, 611).

Defendant further argues that although Plaintiff points to her various conditions as evidence of the RFC being flawed, she failed to cite any specific finding or a specific medical opinion in the record supporting her allegations that her functioning was limited.  (Document No. 23, p. 17).

Notably, Plaintiff's "…Reply To Defendant's Memorandum Of Law" declines to challenge Defendants arguments regarding the adequacy of the ALJ's RFC finding.  (Document No. 24).

Plaintiff bears the burden of providing evidence establishing the degree to which her impairments limit her RFC.  See Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992);  20 C.F.R.

§§ 404.1545(a)(3), 416.945(a)(3).  As Defendant persuasively argues, Plaintiff offers little medical evidence that illustrates limitations on her functioning, but in most instances merely reasserts the conditions that she has and offers conclusory statements that the evidence shows her RFC was wrong.  (Document No. 17, p. 6).  The undersigned notes that the ALJ chose to give Plaintiff what he thought to be the benefit of the doubt by assigning her an RFC with light work rather than medium work, along with limitations.  (Tr. 107).  Consequently, the undersigned finds that Plaintiff's RFC was supported by substantial evidence.

## C.    Availability of Work in the National Economy

Finally, Plaintiff argues that the ALJ erred in determining that there were jobs that Plaintiff could hold given her RFC.  Plaintiff argues that the VE who testified at the hearing before the ALJ did not rely on all the facts in the record.  (Document No. 17, p. 10).  Plaintiff further argues that the hypothetical used by the VE based on the Plaintiff's RFC was flawed.  (Document No. 17, pp. 7-8) (citing Tr. 38).  In addition, Plaintiff contends that the ALJ also ignored a hypothetical with only occasional bilateral handling and fingering, where the VE testified no jobs would be available.  (Document No. 17, p. 8).  Finally, Plaintiff asserts that the ALJ "only relied on the VE's testimony to the hypotheticals that favored his ultimate conclusion" because he also posed an identical hypothetical where Plaintiff's exertional level was only sedentary, and listed sedentary jobs as work she could perform.  (Document No. 17, p. 9) (citing Tr. 38-39, 108-10).

In response, Defendant asserts that the ALJ was not required to accept the VE's testimony where it was predicated upon Plaintiff's testimony that was found not credible.  (Document No. 23, pp. 21-22) (citing Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989) (holding an ALJ's hypothetical question need only include those impairments supported by the record)).  Defendant

further argues that Plaintiff does not cite any evidence on the record which on its face demonstrates she was incapable of bilateral handling and fingering. (Document No. 23, p. 23).

Defendant then proceeds to note the ALJ gave great weight to the opinions of the State agency medical examiners, both of whom opined Plaintiff had no manipulative limitations, as well as the CE examination of Dr. Earl J. Epps. Id. at 24 (citing Tr. 58, 87, 602). Defendant asserts that Plaintiff did not challenge these assessments, and that the ALJ could rely upon them.

Finally, Defendant asserts that the ALJ was able to use the sedentary hypothetical, because Plaintiff's allegation that she will frequently be off task contradicts the medical evidence presented by Dr. Goodwin. (Document No. 23, p. 25) (citing Tr. 633).

The undersigned finds that the ALJ's decision at step five is supported by substantial evidence. The VE was asked to testify to a hypothetical individual with characteristics with Plaintiff's RFC. (Tr. 37-38, 102). Based on the VE's testimony, the ALJ concluded that Plaintiff could not perform past relevant work, but also found that there were jobs that Plaintiff could hold at the light work exertional level, such as a garment sorter. (Tr. 108). In the interest of being thorough, the ALJ also credited the VE's testimony in his decision on the assumption the Plaintiff could only perform sedentary work, an RFC more restrictive than light work, with all the same restrictions as imposed before. Based on this hypothetical, the VE provided additional jobs which Plaintiff could perform, including sorter, stuffer, and addresser. (Tr. 108-09).

For the reasons stated above, the undersigned is satisfied that the restrictions placed on Plaintiff's RFC, including frequent handling and fingering, are supported by substantial evidence. (Tr. 102-07). Additionally, the ALJ's decision to credit the VE testimony at both the light and sedentary exertional levels is supported by substantial evidence. The ALJ found Dr. Goodwin's testimony opining that Plaintiff had only mild impairments in her mental work abilities to be of

great weight, suggesting Plaintiff is not easily distracted.  (Tr. 107).  Based on the evidence, it would have also been reasonable for the ALJ to conclude that Plaintiff would not miss more than one day a month.

In light of the fact that there is substantial evidence to support the ALJ's decision, the undersigned will recommend that the decision of the Commissioner be upheld.

## IV.    CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision.  Richardson v. Perales, 402 U.S. 389, 401 (1971);  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).  As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V.    RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 16) be **DENIED**;  "The Commissioner's Motion For Judgment On The Pleadings" (Document No. 22) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI.    TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the

District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure

to file timely objections will preclude the parties from raising such objections on appeal.  Diamond,

416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenhour, 889

F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474

U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.


Signed: August 8, 2016


David C. Keesler
United States Magistrate Judge